# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| JAMES E. BALL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CARL BECKWORTH, Correctional Officer; RICH COLLINS, PREA Investigator; and KURT MARTHALLER,<br><br>　　　　　Defendants. | Cause No. CV 11-00037-H-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　Pending are Plaintiff James E. Ball's Motion for Leave to Proceed in Forma Pauperis and proposed Complaint. C.D. 1, 2. Mr. Ball alleges Defendant Beckworth utilized excessive force, Defendant Collins failed to adequately investigate the incident, and Defendant Marthaller retaliated against Mr. Ball in violation of Mr. Ball's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

　　The motion to proceed in forma pauperis will be granted. After conducting the prescreening process mandated by 42 U.S.C. § 1915, the Court finds that Defendant Beckworth will be required to file a response to Mr. Ball's Complaint.

Defendants Collins and Marthaller will be recommended for dismissal.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Ball submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Ball is required to pay the statutory filing fee of $350.00. Mr. Ball submitted account statements showing average monthly deposits of $51.00 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $10.20 will be assessed by this Order. See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Mr. Ball's account and forward it to the Clerk of Court.

Thereafter, Mr. Ball will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Ball's prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Ball to forward payments from Mr. Ball's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.

§ 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Ball is a state prisoner incarcerated at Montana State Prison. Mr. Ball is not represented by counsel. The named Defendants are Carl Beckworth, a correctional officer at Montana State Prison; Rich Collins, a PREA investigator at Montana State Prison;[1] and Kurt Marthaller, the kitchen director at Montana State Prison.

### B. Allegations

Mr. Ball alleges on January 16, 2009, he was physically and sexually assaulted by Officer Carl Beckworth in violation of his rights under the United States and Montana Constitutions. He contends Officer Beckworth has a long history of sexually assaulting inmates at the prison and on January 16, 2009 he stopped Mr. Ball outside the highside chow hall to "shake me down." Instead of conducting a pat down search of Mr. Ball, Officer Beckworth allegedly grabbed the inside of Mr. Ball's legs pinching them and Mr. Ball's groin. He then allegedly twisted the same. Mr. Ball further contends that on January 24, 2009, Officer

---

[1] PREA is an acronym for the "Prison Rape Elimination Act", 42 U.S.C. §§ 15601-609.

Beckworth threaten him verbally with having him beaten up and locked up if Mr. Ball took his allegation of sexual assault to court.

Mr. Ball alleges Defendant Rich Collins abused his authority and position of being a PREA Investigator when he refused to finish or investigate Mr. Ball's PREA claim. He also alleges Defendant Collins conspired with Beckworth to get away with his sexually assaulting/threatening Mr. Ball. C.D. 2, p. 10.

Mr. Ball's allegations against Kurt Marthaller are somewhat difficult to discern. Mr. Marthaller is apparently the kitchen director. Mr. Ball alleges Mr. Marthaller instructed his employees to not hire Mr. Ball unless he did not file this complaint against Defendant Beckworth. Mr. Ball contends that now since he filed this complaint, "should he ever in the future need a job in the kitchen he is permenetly [sic] black-balled from obtaining same, as punishment for fileing [sic] this complaint against Defendant Beckworth." C.D. 2, p. 11.

### III. SCREENING PER 28 U.S.C. § 1915(e)(2)

**A.     Standard**

As Mr. Ball is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the Defendant if it is "frivolous," "fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

**B.   Analysis**

**1. Defendant Beckworth**

Eighth Amendment excessive use of force claims contain both a subjective and an objective component which require two inquiries: (1) whether the official charged with inflicting force acted with a sufficiently culpable state-of-mind; and (2) whether the force used was sufficiently serious to establish a constitutional violation. Hudson v. McMillian, 503 U.S. 1 (1992); Wilson v. Seiter, 501 U.S.

294, 298 (1991).

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. But the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Under this standard, Mr. Ball's allegations of excessive use of force in violation of the Eighth Amendment are sufficient to require a response from Defendant Beckworth.

Mr. Ball's claims regarding Defendant Beckworth threatening him, however, do not state a claim under § 1983. The Ninth Circuit held in Gaut v. Sunn, 810 F.2d 923 (9th Cir. 1987) that an inmate's allegation that he was "threatened with bodily harm" by the defendant officers "to convince him to refrain from pursuing legal redress" for alleged incidents of excessive force failed to state a cause of action under § 1983. Gaut, 810 F.2d at 925. Mr. Ball's allegations are nearly identical to those dismissed in Gaut. Therefore, all claims of threats and intimidation will be recommended for dismissal.

## 2. Defendant Collins

Mr. Ball alleges Defendant Collins violated his rights by refusing to fully investigate Mr. Ball's claim against Defendant Beckworth. To the extent Mr. Ball seeks to proceed under the PREA, his claim must fail. PREA provides for the reporting of incidents of rape in prison, the allocation of grants, and it created a study commission. 42 U.S.C. §§ 15601-609. It does not give rise to a private cause of action. Bell v. County of Los Angeles, No. CV07-8187-GW(E), 2008 WL 4375768, at *6 (C.D. Cal. Aug 25, 2008); Chinnici v. Edwards, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug 12, 2008); LeMasters v. Fabian, Civil No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D.Minn. May 18, 2009); Rindahl v. Weber, No. CIV. 08-4041-RHB, 2008 WL 5448232, at *1 (D.S.D. Dec.31, 2008). Because the PREA does not provide a private cause of action, Mr. Ball's claim against Defendant Collins will be recommended for dismissal to the extent that he seeks relief under PREA.

Mr. Ball also alleges that Mr. Collins conspired with Mr. Beckworth to "get away with his sexually assaulting/threatening Plaintiff Ball." (C.D. 2, p. 10). This allegation also fails to state a claim upon which relief may be granted. If a constitutional violation has been completed and a supervisory grievance reviewer is simply making a determination on whether the prison should provide a remedy

for a past violation, the supervisory grievance reviewer has no part in causing the constitutional violation. "There is no legitimate claim of entitlement to a [prison] grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); see Sandin v. Connor, 515 U.S. 472 (1995) (noting that liberty interests are generally limited to freedom from restraint). Here, Mr. Collins was brought in after the fact to investigate Mr. Ball's allegations. He could not have caused or stopped the alleged constitutional violation. As such, Mr. Ball cannot state a claim against Mr. Collins for not investigating the alleged sexual assault.

### 3. Defendant Marthaller

As set forth above, Mr. Ball's allegations against Kurt Marthaller are somewhat difficult to discern. Mr. Ball alleges Mr. Marthaller, as the the kitchen director, instructed his employees to not hire Mr. Ball if he ever filed a complaint about the alleged sexual assault. Mr. Ball contends that since he has now filed this complaint, "should he ever in the future need a job in the kitchen he is permenetly [sic] black-balled from obtaining same, as punishment for filing this complaint against Defendant Beckworth." C.D. 2, p. 11.

Mr. Ball's allegations are too speculative to state a claim. His fear seems to be that if he should ever apply for a kitchen job Mr. Marthaller may not hire him

because he filed a lawsuit regarding the alleged sexual assault.  According to his motion to proceed in forma pauperis, Mr. Ball is currently employed at the prison as a special education teacher's aide.  He has given no indication that he plans to or will apply to work in the kitchen.

> Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.' ... Abstract injury is not enough. It must be alleged that the Plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct.... The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'

O'Shea v. Littleton, 414 U.S. 488, 493 (1974)(internal citations omitted).  Given the facts alleged in this case, it does not appear "that there is 'sufficient immediacy and reality' to [Mr. Ball's] allegations of future injury to warrant invocation of the jurisdiction" of this Court.  O'Shea, 414 U.S. at 497.

All claims against Defendant Marthaller will be recommended for dismissal.

### III.  CONCLUSION

Mr. Ball has failed to state a claim upon which relief could be granted against Defendants Collins and Marthaller.  These are not defects which could be cured by the allegation of additional facts.  Accordingly, Defendants Collins and Marthaller will be recommended for dismissal.

Dismissal of Defendant Beckworth is not appropriate at this time and

Defendant Beckworth must make an appearance in this matter. The Court makes no conclusions about the truth of Mr. Ball's allegations against Defendant Beckworth or about the strength of this claim or of the evidence Mr. Ball might offer to corroborate it. The Court only finds that Mr. Ball said enough to require a response from Defendant Beckworth on the excessive force claim.

It is **ORDERED**:

    1. Mr. Ball's Motion to Proceed in forma pauperis C.D. 1 is **GRANTED**. The Clerk shall file the Complaint without prepayment of the filing fee. An initial partial filing fee of $10.20 will be assessed.

    2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on July 19, 2011.

    3. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendant Beckworth to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[2] The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendant Beckworth chooses to return the Waiver of Service of

---

[2]As Defendants Collins and Marthaller are recommended for dismissal, they do not need to file a responsive pleading at this time.

Summons, his answer or appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

4. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

* Plaintiff's Complaint C.D. 2;

* this Order,

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

Should counsel determine they do not represent Defendant Beckworth in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. <u>See</u> D. Mont. L.R. 12.2.

5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to

give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

7. Plaintiff <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

8. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF

ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

Defendants Collins and Marthaller should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Ball may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of August, 2011.

                                     /s/ Keith Strong
                                     Keith Strong
                                     United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    A lawsuit has been commenced by a pro se plaintiff against Correctional Officer Carl Beckworth. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-11-37-H-DWM-RKS. The Court has completed its pre-screening and concludes Defendant Beckworth must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

    This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

    If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

    If you do not wish to waive service on behalf of Defendant, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant and may impose the full costs of such service.

                                                     /s/ Keith Strong
                                                      Keith Strong
                                                      United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:  The U.S. District Court for the District of Montana

  The following Defendant acknowledges receipt of your request that he waive service of summons in the following action:  <u>Ball v. Beckworth</u>, Civil Action No. CV-11-37-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendant also received a copy of the Complaint.  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;


  The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

  I decline to waive service on behalf of the following Defendant:

_____;  _____;


_____     _____
DATE                SIGNATURE

                  _____
                  PRINTED/TYPED NAME

                  _____

                  _____
                  ADDRESS