FILED
SEP 20 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JAMES E. BALL, | ) | CV 11-37-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| CARL BECKWORTH, Correctional Officer; RICH COLLINS, PREA Investigator; and KURT MARTHALLER | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff James Ball, proceeding pro se, filed a motion to proceed *in forma pauperis* and a proposed Complaint. Dkt ## 1, 2. Ball alleges that Defendant Carl Beckworth used excessive force against him, Defendant Rich Collins failed to adequately investigate the incident, and Defendant Kurt Marthaller retaliated against Ball, in violation of Ball's constitutional rights, thus subjecting the Defendants to liability under 42 U.S.C. § 1983.

The matter was referred to Magistrate Judge Strong under 28 U.S.C. § 636(b). Judge Strong granted Ball's motion to proceed *in forma pauperis* and issued his Findings and Recommendation on August 31, 2011. Dkt # 4. Since Ball

1

is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. §§ 1915, 1915A. Those two sections allow a court to dismiss a complaint, or any portion thereof, before it is served on a defendant if it is "frivolous," "fails to state a claim for which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id.

Judge Strong recommended that Ball's Complaint be dismissed as to Collins and Marthaller for failing to state a claim on which relief may be granted. Dkt # 4, 9–11. He did not, however, recommend dismissing the Complaint as to Officer Beckworth. Id. at 7–8.

Ball timely objected to Judge Strong's Findings and Recommendation. Dkt # 6. He is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews portions of the Findings and Recommendation not specifically objected to for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Since the parties are familiar with the facts of this case, they are restated here only as necessary to explain the Court's decision.

I.

Ball raises only one objection. Dkt. # 6. He argues that Marthaller should

2

not be dismissed. Id. at 2–3. In his Complaint, Ball claims that Marthaller, the prison kitchen director, will prevent Ball from obtaining a job in the kitchen since he filed a lawsuit against Officer Beckworth. Id. at 11. Judge Strong concluded that Marthaller should be dismissed because Ball's allegations are too speculative to state a claim. Dkt # 4, 11.

Ball's objection is premised on entirely new facts and claims asserted for the first time in his objection. Dkt # 6. Ball does not take issue with Judge Strong's conclusion that his claim regarding future employability in the kitchen is too speculative. Instead, Ball now claims that Marthaller:

- "hinder[ed] Ball's access to the Court," id. at 3,

- caused Ball to suffer physical stress, id. at 4,

- "instructed inmate kitchen workers to purposely/deliberately short Ball food portions during his meals for filing grievances against certain kitchen staff members [and] . . . [Officer] Beckworth," id. at 4–5, and

- discriminated against Ball on account of Ball's disability, id. at 6.

Ball did not raise any of these claims in his Complaint. See Dkt # 1.

The Court has discretion—but is not required—to consider evidence or claims presented for the first time in objections to a magistrate judge's findings and recommendation. Brown v. Roe, 279 F.3d 742, 744–45 (9th Cir. 2002);

3

United States v. Howell, 231 F.3d 615, 621–22 (9th Cir. 2000).

In light of this discretion, the Court elects to not consider Ball's new facts and claims. As the Howell Court observed:

> [A]ffording district courts discretion to consider new evidence makes prudential sense. The magistrate judge system was designed to alleviate the workload of district courts. To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging. It would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.

231 F.3d at 622 (citations and internal quotation marks omitted); See also Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638–39 (9th Cir.1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.").

Here, beyond the prudential concerns discussed by the Ninth Circuit, Ball has not articulated any reason why he was unable to assert the new facts and claims in his Complaint. Accordingly, the Court exercises its discretion to not

consider his new facts and claims. See id. at 623. Ball, though, may seek to amend his Complaint under Rule 15 of the Federal Rules of Civil Procedure and plead the new facts and claims.

## II.

The Court agrees with Judge Strong that Ball's claim against Marthaller—as stated in Ball's Complaint—must be dismissed. The deficiency of Ball's claim against Marthaller is that Ball does not have Article III standing to bring the claim.

Article III of the United States Constitution confines federal courts to hearing only "cases" and "controversies." San Luis & Delta-Mendota Water Auth. v. Salazar, 638 F.3d 1163, 1169 (9th Cir. 2011) (citing Barnum Timber Co. v. EPA, 633 F.3d 894, 897 (9th Cir.2011)). "Standing is a core component of the Article III case or controversy requirement." Id. (quoting Barnum Timber Co., 633 F.3d at 897). To establish Article III standing: (1) a plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative that the

injury will be redressed by a favorable decision." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)); see also Barnum Timber Co., 633 F.3d at 905.

Here, Ball has not alleged a "concrete and particularized" injury that is "actual or imminent," rather than "conjectural or hypothetical." San Luis & Delta-Mendota Water Auth., 638 F.3d at 1169. Instead, Ball simply speculates that he might not be hired to work in the prison kitchen on account of his Complaint against Officer Beckworth. Dkt # 1, 11. Ball, though, does not allege that he intends to apply to work in the kitchen. Accordingly, he has not suffered a cognizable injury, and he does not have standing to bring his claim against Marthaller which must, as a result, be dismissed.

The Court finds no clear error in the portions of Judge Strong's Findings and Recommendation to which Ball did not object.

In accordance with the foregoing, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt # 4) is adopted in full.

Dated this 19th day of September, 2011.

Donald W. Molloy, District Judge
United States District Court